UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Angelo B. Arnold<br>7673 Brams Hill Drive<br>Dayton, OH 45459 | : | Case No.  3:13 cv 076 |
| | : | |
| and | : | (Judge  THOMAS M. ROSE |
| | : | |
| Zandra L. Arnold<br>7673 Brams Hill Drive<br>Dayton, OH 45459 | : | |
| | : | |
| and | : | |
| | | |
| John and/or Jane Does 1-20, representing<br>those other persons who received VA care<br>and whose personal medical information<br>was part of that which forms the basis of<br>Plaintiff Angelo Arnold's causes of action<br>and who were therefore also damaged, and<br>whose identities will be revealed in<br>discovery, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| Department of Veterans Affairs<br>c/o Dayton VA Medical Center<br>4100 West Third Street<br>Dayton, OH 45428 | : | |
| | : | |
| and | : | |
| | | |
| Department of Veterans Affairs<br>c/o United States Attorney General<br>200 West Second Street, Suite 600<br>Dayton, OH 45402 | : | |
| | : | |
| and | | |

Department of Veterans Affairs                :
c/o United States Attorney General
950 Pennsylvania Avenue                       :
Washington, DC 20530-0001
                                             :
    Defendants.

---

## COMPLAINT; JURY DEMAND ENDORSED HEREON

---

Plaintiffs bring this action for declaratory and monetary relief pursuant to the Privacy Act of 1974, 5 U.S.C. §552a *et seq*., the Federal Tort Claims Act, 28 U.S.C. §1346, the Federal Declaratory Judgment Act, 28 U.S.C. §2201, and pendent state law as appropriate.

### JURISDICTION

1.     This Court has jurisdiction over this action pursuant to 5 U.S.C. §552a(g)(1) and 28 U.S.C. §1331.

### VENUE

2.     Venue is appropriate in this District pursuant to 5 U.S.C. §552a(g)(5) and 28 U.S.C. §1391.

### PARTIES

3.     At all times pertinent herein, Plaintiffs Angelo B. Arnold ("Angelo") and Zandra L. Arnold ("Zandra") were and are residents of Centerville, Montgomery County, Ohio, and at all times pertinent herein, were and are legally married.

4.     At all times pertinent hereto, Angelo was and is an individual as defined by the Privacy Act of 1974 and thus entitled to its protections, pursuant to 5 U.S.C. §552a(a)(4).

5.     At all times pertinent herein, Defendant Department of Veterans Affairs ("the VA") was and is an agency of the United States Government with offices located at the Dayton VA Medical Center, 4100 West Third Street, Dayton, OH 45428.

6.     At all times pertinent hereto, the VA was and is an agency within the meaning of 5 U.S.C. §552a(a)(1).

7.     Plaintiffs bring this action on behalf of themselves as well as those John and/or Jane Does whose identities are currently unknown, but whose personal medical and other information was similarly wrongly handled by the VA in a manner similar to Angelo's, as set forth herein. Plaintiffs submit the actual identities of these John and/or Jane Does will be learned through discovery.

8.     The contents of the VA files at issue, as set forth more fully herein, were and are "records" as defined by 5 U.S.C. §552a(a)(4).  Furthermore, the VA records at issue herein, and the records it maintains in general on persons such as Angelo constitute a "system of records" as defined by 5 U.S.C. §552a(a)(5).

9.     The facts giving rise to this action took place in Montgomery County, Ohio.

## FIRST CAUSE OF ACTION

10.    Angelo is a veteran of the U.S. military, having served in the Marine Corps during 1978 and 1979.

11.    During his military service, Angelo sustained an injury or injuries that caused him to be medically discharged from the military.

12.    Subsequently, Angelo received treatment for the injury or injuries, as well as other conditions, through the VA.  Angelo also filed for service-connected disability compensation and for other related disability compensation issues.

13.    Angelo's disability claim, however, was consistently held up and/or denied due to the fact that a great volume of his treatment records, dating from approximately 1980 to 1996, could not be located.

14.    On or about May 1, 2012, the Centerville Police Department received a call from the purchaser of a house located at 7280 W. Von Dette Circle, Centerville, OH 45459 ("the Von Dette property").  The purchaser reported that he purchased the Von Dette property following the death of the previous homeowner, and while looking through the attic, found a box containing "files" comprising several patients' medical records and other confidential personal information from the Dayton VA Medical Center.  These files were for Angelo as well as the John and/or Jane Does.

15.    The Centerville Police Department took possession of the box and its contents, issued a property tag for same, and contacted the VA.  On or about May 2, 2012, the box and its contents were returned to the custody of the VA.

16.    After investigation, it was determined that the prior owner of the Von Dette property was an individual named Roy Beets, who had been employed by the VA as a registered nurse from 1975 to 1981 and again from 1983 to 2000.  Roy Beets died on May 7, 2011.

17.    By letter dated June 22, 2012, from Glenn A. Costie, Medical Center Director of the Dayton VA Medical Center, Angelo was first notified of the discovery of his personal medical and other information in the Von Dette property.  This was followed up by additional

correspondence directed both to Angelo and also to the office of U.S. Congressman Michael R Turner.[1]

18.     The incident also garnered attention locally and was written up in the Dayton Daily News.[2]

19.     Following the return of Angelo's medical and other confidential personal information to the VA, the VA, using the newly-returned medical records, was able to approve Angelo's disability application during November 2012.

20.     In the interim, and as a direct and proximate result of the wrongful conduct of the VA, as plead herein, Angelo, Zandra, and their family suffered actual and severe financial harm and other damages and adverse effects, as plead herein, due to the ongoing and sustained inability of Angelo's disability claim to be processed due to the missing records.  The pecuniary harm to Plaintiffs is in an amount to be determined, but entitles Plaintiffs to actual damages pursuant to 5 U.S.C. §552a(g)(4)(A).

21.     As a further direct and proximate result of the wrongful conduct of the VA, as plead herein, Angelo and Zandra have been forced to suffer severe emotional distress and mental anguish and shall be forced to suffer emotional distress and mental anguish into the future.

22.     As a further direct and proximate result of the wrongful conduct of the VA, as plead herein, Angelo and Zandra have sustained a loss of the services, society, love, companionship, and consortium of each other and shall be forced to sustain a loss of the services, society, love, companionship, and consortium of each other in the future.

## SECOND CAUSE OF ACTION

23.     Plaintiffs hereby reincorporate and reallege the allegations contained in Paragraphs One (1) through Twenty-Two (22) as if fully rewritten herein.

24.     The VA, through the actions of its employees, including, but not limited to Roy Beets, improperly disseminated and/or permitted the removal of the files of Angelo and/or the John and/or Jane Does which contained their personal medical and other confidential information.

25.     Further, the VA did not maintain proper and effective security and/or oversight procedures in place which would prevent the removal of the files of Angelo and/or the John and/or Jane Does which contained their personal medical and other confidential information.

26.     Neither Angelo nor, upon information and belief, any of the John and/or Jane Does, had provided the VA with prior written consent for the disclosure or removal of their personal

---

[1] Angelo had been in contact with and enlisted the assistance of the offices of both Congressman Turner as well as U.S. Senator Sherrod Brown in connection with his disability claim.
[2] See http://www.daytondailynews.com/news/news/local/veterans-records-found-at-home-of-deceased-va-empl/nPwQb/ and http://www.daytondailynews.com/news/news/local/officials-local-va-must-explain-records-lapse/nPwRG/.

information as required by the Privacy Act of the 1974, nor did any of the routine exceptions to same apply.

27.     Further, the VA failed to maintain and keep an accurate accounting of disclosures of the personal information of Angelo and/or the John and/or Jane Does, as required by 5 U.S.C. §552a(c).

28.     The VA's conduct in this matter also constituted a failure to comply with the requirements and duties set forth in 5 U.S.C. §552a(e) and (f).

29.     The VA's conduct in this matter, as plead herein, was intentional or willful, as set forth in 5 U.S.C. §552a(g)(4), and constituted lapses which constituted an extraordinary from standards of reasonable conduct.

30.     As a direct and proximate result of the conduct of the VA, as plead herein, Plaintiffs have been damaged, as plead herein.

## THIRD CAUSE OF ACTION

31.     Plaintiffs hereby reincorporate and reallege the allegations contained in Paragraphs One (1) through Thirty (30) as if fully rewritten herein.

32.     The conduct of the VA, as aforesaid, also constituted violations of, and entitle Plaintiffs to recovery pursuant to, the Federal Tort Claims Act, 28 U.S.C. §1346.

33.     As a direct and proximate result of the conduct of the VA, as plead herein, Plaintiffs have been damaged, as plead herein.

## FOURTH CAUSE OF ACTION

34.     Plaintiffs hereby reincorporate and reallege the allegations contained in Paragraphs One (1) through Thirty-Three (33) as if fully rewritten herein.

35.     Roy Beets, as an employee, agent, or one otherwise acting on the behalf of the VA, wrongfully and improperly breached the physician-patient privilege through his actions, and/or lead to the unauthorized disclosure of privileged medical and/or other information through his conduct.

36.     The VA, as Beets' employer, is liable for the wrongful conduct of their employee via the doctrine of *respondeat superior*.

37.     As a direct and proximate result of the conduct of the VA, as plead herein, Plaintiffs have been damaged, as plead herein.

## FIFTH CAUSE OF ACTION

38.    Plaintiffs hereby reincorporate and reallege the allegations contained in Paragraphs One
(1) through Thirty-Seven (37) as if fully rewritten herein.

39.    The conduct of the VA, as aforesaid, constituted conduct that intentionally inflicted
emotional distress upon Plaintiffs.

40.    As a direct and proximate result of the conduct of the VA, as plead herein, Plaintiffs have
been damaged, as plead herein.

## SIXTH CAUSE OF ACTION

41.    Plaintiffs hereby reincorporate and reallege the allegations contained in Paragraphs One
(1) through Forty (40) as if fully rewritten herein.

42.    Plaintiffs seek an Order from this Court that the VA disclose the identities and contact
information for all John and/or Jane Does whose personal medical and/or information was
compromised as described herein, in order that they may be notified of the existence of this
lawsuit and given an opportunity to participate herein.

43.    Plaintiffs understand and agree that an appropriate protective order will need to be crafted
to safeguard the identities and other personal identifiers and/or personal information of the John
and/or Jane Does.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

A)    A declaration that the VA violated the Privacy Act;

B)    An award of actual damages in an amount to be determined pursuant to 5 U.S.C.
§552a(g)(4)(A);

C)    In the alternative, should the Court determine there were no compensable actual damages
sustained, an award of damages not less than $1,000.00;

D)    Order the VA to disclose the identities of all John and/or Jane Does such that they may be
contacted and notified of the existence of this lawsuit and given an opportunity to participate in
same;

E)    Award Plaintiffs reasonable costs and attorney fees as provided in 5 U.S.C.
§552a(g)(3)(B) and/or (4)(B) and/or 28 U.S.C. §2412(d);

F)    An award of prejudgment interest and postjudgment interest;

G)    For such other and further relief to which they may be entitled at law or in equity.

Respectfully submitted,

MANNING LAW FIRM, LLC

Thomas J. Manning (0059759)
P.O. Box 751484
Dayton, OH 45475
(937) 776-4856
(866) 454-6229 (Fax)
tmanning@woh.rr.com
Trial Attorney for Plaintiffs

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury as to each and every cause of action presented herein.

Thomas J. Manning
Trial Attorney for Plaintiffs