UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ANGELO B. ARNOLD, et al.,** | **CASE NO.:  3:13-CV-076** |
| **PLAINTIFFS,** | |
| | **Judge Thomas M. Rose** |
| | **Magistrate Judge Michael J. Newman** |
| **v.** | |
| **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,** | **MOTION TO DISMISS** |
| **DEFENDANT.** | |

The Defendant, the United States Department of Veterans Affairs, moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss all claims for failure to establish a jurisdictional basis for claims and failure to state a claim upon which relief can be granted.  The grounds for the Motion are more fully set forth in the following Memorandum in Support.

**MEMORANDUM IN SUPPORT**

### I.     FACTUAL BACKGROUND

This lawsuit is an action for the denial of Veterans Administration ("VA") disability benefits under the guise of a Privacy Act claim against the United States. Compl. ¶14 at 3: ¶19-20 at 4. Angelo B. Arnold filed a Complaint against the United States on March 11, 2013, alleging violations of the Privacy Act, 5 U.S.C. § 552a, which caused "actual and severe financial harm." *Id.* ¶20 at 4. Plaintiff further alleges to "have been forced to suffer severe emotional distress and mental anguish." *Id.* ¶21 at 4.  Lastly, Plaintiff alleges damages in the form of "loss of services, society, love, companionship and consortium." *Id.* ¶22 at 4.

Plaintiff served in the United States Marine Corps from 1978 to 1979 and during his military service, sustained an injury or injuries that led to him being medically discharged. *Id.* ¶10-11 at 3. Plaintiff asserts that he subsequently received treatment for the injury or injuries that led to his discharge. *Id.* at ¶12. Plaintiff further asserts that he then filed for service-connected disability through the VA, that he was subsequently denied because of missing records, which were later found in May 2012, and some of his disability claims were approved in November 2012. *Id.* at ¶12-13.

On or about May 1, 2012, the Centerville Police Department ("CPD") received a call from the purchaser of a house located at 7280 W. Von Dette Circle, Centerville, OH 45429 ("Von Dette"). *Id.* at ¶14. The purchaser reported that he purchased this property following the death of the previous homeowner, and while looking through the attic, found a box containing files compromising several patients' medical records and other confidential information from the Dayton Veterans Administration Medical Center ("VAMC"). *Id.* These files included medical and confidential information pertaining to Plaintiff and fifteen (15) other individuals. *Id.*

The CPD took possession of the box and its contents, and contacted the VAMC. *Id.* at ¶15. On or about May 2, 2012, the box and its contents were returned to the custody of the VAMC. *Id.* After investigation, it was determined that the prior owner of the Von Dette property was an individual by the name of Roy Beets, who had been employed by the VAMC as a registered nurse from 1975 – 1981 and 1983 – 2000. Roy Beets died on May 7, 2011. *Id.* at ¶16.

On or about June 22, 2012, Glenn A. Costie, Director of the VAMC, sent a letter to Plaintiff regarding the discovery of some of his medical information at the Von Dette property. *Id.* at ¶17. Following the return of Plaintiff's medical records, the VA approved Plaintiff's disability application in November 2012. *Id.* at ¶19.

Based upon the above facts, the United States moves to dismiss the case as the Court lacks jurisdiction to hear Plaintiff's allegation in tort. Plaintiff is indirectly asking this Court to exercise judicial review over VA decisions precluded by 38 U.S.C. §511(a). The Veterans Judicial Review Act ("VJRA") of 1988 provides a multilayered framework that must be complied with prior to filing a civil action in federal district court. 38 U.S.C. § 7251-7299. A plaintiff must first exhaust all administrative remedies outlined in this framework as the Court of Appeals for Veterans Claims maintains exclusive jurisdiction over decisions made by the VA and Board of Veterans' Appeals. However, Plaintiff has failed to file an administrative tort claim with the Board of Veterans' Appeals. Also, the United States as sovereign may only be sued in the manner and to the extent which Congress allows. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § §1346(b) & 2671-2680, is the only grant of jurisdiction which Congress has given for a tort claim against the Government. Because Plaintiff has failed to file an administrative tort claim and exhaust all administrative remedies, he has failed to state a claim under that Act.

3

## II. STANDARD OF REVIEW

Dismissal of an action is appropriate whenever the court lacks jurisdiction. Fed.R.Civ.P. 12(b)(1); 12(h)(3). In reviewing subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the burden of proof is on the party invoking jurisdiction. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); *Rogers v. Stratton*, 798 F. 2d 913, 915 (6th Cir. 1986). Two general categories of motions to dismiss for lack of subject matter jurisdiction exist: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). On a facial attack, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* On a factual attack, as the present case before the Court, however, "no presumptive truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

## III. ARGUMENT

### A. The Veterans Judicial Review Act deprives this Court of jurisdiction to hear challenges to benefits decisions, even if those challenges are cloaked in constitutional or statutory terms.

This Court is deprived of jurisdiction to hear challenges to veterans benefits decisions because Congress granted exclusive jurisdiction to the VA and the Court of Veterans Appeals. 38 U.S.C. § 7251-7299 & § 511(formerly §211). According to the VJRA of 1988, the Secretary of Veterans Affairs maintains exclusive jurisdiction over decisions regarding a veterans benefits; however, these decisions are only subject to review by a procedure outlined in 38 U.S.C. § 7251-7299. After a veteran receives a benefits decision, he may appeal to the Board of Veteran Appeals. 38 U.S.C. § 7104-7105. The veteran can then appeal the Board's decision to the Court of Appeals for Veterans Claims. 38 U.S.C. §7252. If the veteran remains dissatisfied with that

decision, he can then appeal to the Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. Lastly, after all of these steps have been exhausted, the veteran can petition the United States Supreme Court for review. 38 U.S.C. § 7291. The process outlined above deprives federal courts of subject matter jurisdiction regarding VA administrative decisions. *Beamon v. Brown,* 125 F.3d 965, 970 (6th Cir. 1997) *see also Price v United States,* 228 F.3d 420, 421 (D.C. Cir. 2000) (holding that "[t]he exclusive avenue for redress of veterans benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit").

The jurisdictional determination in this case relies on this Court's examination of the substance of Mr. Arnold's allegations, not his labels, to determine their true nature. *Weaver v. United States,* 98 F.3d 518, 520 (10th Cir. 1996)(emphasizing and concluding that dismissal of allegations of "conspiracy," "fraud," and "misrepresentation" pursuant to the VJRA was appropriate because the substance of claims, not the labels assigned, governs jurisdictional determinations).  Mr. Arnold's Privacy Act claim is at its heart a disagreement with the VA's previous decisions to deny him disability benefits. The case of *Rosen v Walters*, 719 F.2d 1422 (9th Cir. 1983) is very similar to the case at bar, and is persuasive. In *Rosen*, the plaintiff served in the Army at the end and shortly after World War II. *Id.* He was diagnosed as having coronary disease, which he claimed was a war-time illness. *Id.* He applied for veterans benefits multiple times, and was denied each time. *Id.* at 1422-23. Plaintiff alleged that the documents pertaining to this illness were improperly destroyed by the VA, therefore he brought an action under the Privacy Act, specifically 5 U.S.C. §552a(g)(1)(C). *Id*. at 1423. Plaintiff argued that this resulted in adverse disability decisions by the VA. *Id.*

The Ninth Circuit examined the substance of Plaintiff's claims to determine whether or not it was precluded under 38 U.S.C. §211(a)(now known as §511(a)). The court found that it was "quite clear that [plaintiff's] concern is with the failure to award him benefits on the facts of his disability claim. As such his cause of action is precluded by §211(a)." *Rosen*, 719 F.2d at 1423. The Ninth Circuit then went on to address the Privacy Act claim, under 5 U.S.C. §552a(g)(1)(C) and found that, in order to evaluate this claim, it "would require the district court to determine not only that the VA intentionally failed to maintain complete records, but also whether, but for the missing records, [plaintiff] should have been awarded disability benefits." *Id.* at 1425. Reviewing of past VA decisions, and making determinations based on the absence of lost records, the court would then "act as the Veterans Administration itself, applying benefits rules to the facts in order to determine the correct award of disability had the files ben adequately maintained…[s]uch review…run[s] counter to the purposes of §211(a)." *Id.* The court then explicitly stated that their "decision prohibits…an action for damages under §552a(g)(1)(C) and (g)(4) when review of VA decisions on granting or denying disability benefits is required." *Id.* at 1425. Based on the foregoing, the Ninth Circuit affirmed the trial court's dismissal of plaintiff's complaint.

Plaintiff in the present case before the Court, like the one in *Rosen*, is indirectly asking this Court to exercise judicial review over VA decisions precluded by 38 U.S.C. §511(a) (formerly §211(a)).  He alleges that he served in the United States Marine Corps from 1978 to 1979 and that he sustained an injury or injuries due to his service.  Compl. ¶10-11 at 3. Plaintiff further asserts that he then filed for service-connected disability through the VA and that he was subsequently denied because of missing records that were later recovered in May 2012. *Id.* ¶12-

14 at 3; ¶19 at 4. Plaintiff asserts that some of his disability claims were approved in November 2012 but does not provide facts as to what was approved and/or denied.[1] *Id.* at ¶19 at 4.

Plaintiff is essentially seeking "back pay" and is alleging that he suffered severe and actual financial harm, due to the "ongoing and sustained inability" of his disability claim to be processed. Plaintiff further alleges that he suffered "emotional distress and mental anguish" and "loss of services, society, love, companionship, and consortium" due to the "wrongful conduct" of the VA. The "wrongful conduct" he speaks of, was the "ongoing denial and sustained inability" of his disability claim to be processed and the loss of his medical records, which is alleged to be the reason for the repeated denial of his disability claims. These matters are under the exclusive jurisdiction of the VA and the Court of Veterans Appeals. *Beamon,* 125 F.3d at 970.

Plaintiff's claim is asking and requiring the Court to determine, but for the gap in his medical records, should he have been entitled to the disability benefits he was denied. In doing so, the Court would be required to review prior decisions of the VA and determine if the gap in records affected the outcome of each decision. If this is the case, then the Court would be acting as the VA itself, applying its rules to plaintiff's facts, in order to determine the correct amount of disability benefits awarded to Plaintiff had Mr. Beets not taken the medical records. This type of review runs contrary to the purposes of §511, as this is the exclusive jurisdiction of the VA and the Court of Veterans Appeals. *Id.*

---

[1] To this point, the Defendant has been unable to obtain Plaintiff's benefit determination records, and Plaintiff himself is in a better position to provide these records to the Court.  Regardless, the Court may decide this jurisdictional issue on the allegations pled in the Complaint alone.

**B. The Court should dismiss the Plaintiff's complaint for failure to properly exhaust administrative remedies as required by the FTCA.**

Even if the Court were to allow Plaintiff's claims to move forward despite exclusive jurisdiction lying elsewhere, those claims would still fail because the Court lacks subject matter jurisdiction over any claims arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq*. When Congress enacted the FTCA, it waived the United States' immunity from suit for certain tort actions and vested federal district courts with exclusive jurisdiction over these civil actions or claims against the United States for negligent and wrongful acts or omissions of federal employees and officers acting within the scope of their employment and office.

However, Section 2675(a) of the FTCA provides that as a prerequisite to filing suit under the Act, a plaintiff must first exhaust administrative remedies. Specifically,

> "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment unless the claimant shall have first presented the claim to the appropriate agency and his claim shall have been denied by the agency in writing . . . ."

*See also Allen v United States,* 517 F.2d 1328, 1329 (6th Cir. 1975) (emphasizing that federal courts are deprived of jurisdiction over any such cause of action under the FTCA "unless the claim has been properly presented to the appropriate federal agency and denied by that agency"); *Schaefer v. Hills*, 416 F.Supp. 428, 429 (S.D. Ohio 1976) (the "procedure prescribed in 28 U.S.C. § 2675 is jurisdictional" and holding that the court lacked jurisdiction absent compliance with those provisions); *Dunaville v. Carnago*, 485 F.Supp. 545, 548 (S.D. Ohio 1980) (a case may not be heard unless an administrative claim has been filed and indicating that a failure to meet this requirement is grounds for dismissal).

8

A search of the records of the Department of Veterans Affairs reveals that neither Plaintiff Angelo B. Arnold, nor any authorized agent or legal representative acting on his behalf, has filed an administrative tort claim for the actions alleged in the Complaint. *See* Declaration of Dennis McGuire (Attached as Exhibit 1). Accordingly, the Complaint should be dismissed as the Court is without jurisdiction to hear the matters alleged.

This rule applies with equal force to a spouse's claim for loss of services, love, companionship and consortium. See *Rucker v. United States Dep't of Labor*, 798 F.2d 891, 893-94 (6th Cir. 1986). In *Rucker*, the plaintiffs included Kenneth D. Rucker, his wife, and children. *Id*. at 892. Mr. Rucker's wife and children, however, failed to file an administrative claim before the plaintiffs' complaint was filed. *Id*. The United States moved to dismiss the wife and children's claims. *Id*. In response, Plaintiffs argued that Mr. Rucker's wife and children had "substantially complied" with FTCA's administrative claim requirements, noting that Mr. Rucker's wife was identified in his administrative claim. *Id*. at 893. The Sixth Circuit, however, affirmed the district court's dismissal of the wife and children's claims. *Id*. In reaching that holding, the Sixth Circuit explained that "identifying a claimant's wife, without more, is not sufficient to fulfill the jurisdictional requirement of 28 U.S.C. § 2675(a)." *Id*. That holding has been routinely followed by the district courts of the Sixth Circuit. *See e.g*. *Amburgey v. United States*, 2012 WL 4602438, *5 (E.D.Ky. Sept. 29, 2012); *Molnar v. United States*, 1998 WL 1567450, *4 (N.D. Ohio Dec. 30, 1998).

Additionally, the Declaration of Dennis McGuire demonstrates that Plaintiff Zandra Arnold also failed to file an administrative tort claim with the Department of Veterans Affairs with respect to the loss of services, society, love, companionship and consortium claims raised in this action. Ex. 1. Accordingly, based on the above-cited authority, this Court does not have

jurisdiction over the subject matter of Ms. Arnolds' loss of services, society, love, companionship and consortium claims, and these claims must be dismissed.

### C. Plaintiff's complaint fails to seek and allege actual damages as required by the Privacy Act; therefore, his complaint should be dismissed.

Should the Court allow Plaintiff's claims to proceed, his recovery must be limited to the actual damages he incurred as a result of the actions alleged in the Complaint. Plaintiff is seeking damages for "severe emotional distress and mental anguish." Compl. ¶21 at 4. However, under the Privacy Act, recovery is limited to actual damages. *Risch v. Henderson*, 128 F. Supp. 2d 437, 441 (E.D. Mich. 1999); 5 U.S.C. § 552a(g)(4). Damages for "extreme mental anguish and mental concern and worry" are excluded from recovery under the Privacy Act. *Id.*; *see also Hudson v. Reno,* 130 F.3d 1193, 1207 (6th Cir. 1997)(the weight of authority suggests that recovery for "mental injuries, loss of reputation, embarrassment or other non-quantifiable injuries" is not available under the Privacy Act) *overruled in part on other grounds*, *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001); *Wiley v. Dep't of Veterans Affairs,* 176 F. Supp.2d 747, 757 (E.D. Mich. 2001)(declining to adopt a different rule from that established by the Sixth Circuit in *Hudson)*; *Doe v. Chao,* 540 U.S. 614, 627 (2004) (holding that the remedial provision of the Privacy Act authorized a plaintiff to recover only if "actual damages" are proven and indicating that it "is not shown merely by an intentional and willful violation of the Act producing some adverse effect).

Additionally, in order to recover under the Privacy Act, a plaintiff must demonstrate "a causal nexus between the injury and the violation of the Act." *Schmidt v. U.S. Dep't of Veterans Affairs,* 218 F.R.D. 619, 632 (E.D. Wis. 2003) (recognizing holding of *Doe v. Chao*, that "actual damages" are limited to pecuniary loss). The injury must be "distinct and independent from the violation of the Act itself." *Id*.

As such, the Plaintiff's claim for damages under the Privacy Act for "severe emotional and mental anguish" should be dismissed because these are not "actual damages" recoverable under the Privacy Act. The Plaintiff cannot recover on such grounds under the plain language of the Privacy Act.

Moreover, Plaintiff's claim for damages does not state any "causal nexus" between the alleged Privacy Act violation and the claimed injury. The Complaint only states that "[A]s a direct and proximate result of the wrongful conduct of the VA, as plead herein, [plaintiff]…suffered actual and severe financial harm and other damages and adverse effects…due to the ongoing and sustained inability of Angelo's disability claim to be processed due to missing records" and "As a further direct and approximate result of the wrongful conduct of the VA [plaintiff]… have been forced to suffer severe emotional distress." Pl. Compl. ¶20-21 at 4. Plaintiffs' Complaint does not indicate any causation beyond alleging lost records and damages, and makes no claim as to how the records Mr. Beets lost caused the damages. Plaintiff has not indicated any way in which the claimed injury is somehow "distinct and independent from the violation of the Act itself." *Schmidt,* 218 F.R.D. at 632. Therefore, the Plaintiff's claim should be dismissed.

### D. There is no right to a jury trial under the Privacy Act and Plaintiff's demand should be denied.

The Plaintiff has made a demand for a jury trial on these matters. Sovereign immunity prevents suit against the United States unless it first consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). Even when the federal government consents, the Seventh Amendment right to trial by jury "does not apply to proceedings against the sovereign." *Osborn v. Haley,* 549 U.S. 225, 252 (2007)(citing *Lehman v. Nakshian,* 453 U.S. 156,160 (1981); *Harris v. Dep't of Agriculture*, 1997 WL 528498, **3 (6th Cir. 1997) (unpublished) (concluding that the right to

11

jury trial attaches when suing the federal government *only* when it is "unequivocally expressed" by Congress and holding that plaintiff has no right to a jury trial under the Privacy Act because it is silent "as to any right to a jury trial"). The Supreme Court has frequently explained that, when interpreting the government's waiver of immunity, federal courts may not extend the waiver beyond what the statutory language requires. *Lane v. Pena,* 518 U.S. 187, 192 (1996).

The Privacy Act is silent regarding any right to a jury trial. 5 U.S.C. §552a, *et. seq*. In *Lehman,* the Supreme Court held that a federal employee suing under the Age Discrimination in Employment Act ("ADEA") had no right to a jury trial. 453 U.S. at 168-69. The Court expressed that "[w]hen Congress has waived the sovereign immunity of the United States, it has almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial." *Id.* at 161. The Court's holding rested on an examination of the ADEA's plain language: "[T]he plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute." *Id.* at 168. Since the ADEA did not affirmatively grant a right to jury trial to federal employees, "it is unnecessary to go beyond the language of the statute itself to conclude that Congress did not intend to confer a right to trial by jury." *Id.* at 165.

The Privacy Act includes no provision for a jury trial against any agency of the United States. The statute's jurisdictional provisions, 5 U.S.C. § 552a(g)(1)(D) and (g)(5), state only that an action to enforce any provision of the Privacy Act may be brought in any appropriate United States district court. The statute's exclusive remedy provisions do not mention, or purport to mention, any right to a jury trial. § 552a(g). Under *Lehman*, the lack of an express grant by Congress of that right to a jury trial is calamitous to the plaintiffs' jury demand here as Congress included no such language in the Privacy Act.

12

Any remaining claims would be based entirely on alleged violations of the Privacy Act. The doctrine of sovereign immunity, coupled with the lack of an explicit grant by Congress of the right to a jury trial for Privacy Act claims, means that the Plaintiff has no right to a jury trial in this case. Therefore, the Court should deny the Plaintiff's demand for a jury trial.

## CONCLUSION

For these reasons, the Court should dismiss the complaint in its entirety with prejudice.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/*Margaret A. Schutte*
MARGARET A. SCHUTTE (0078968)
Assistant United States Attorney
Attorney for Defendant
200 West Second Street
Suite 600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
Margaret.Schutte@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 29th day of October 2013 on counsel for Angelo B. Arnold, Plaintiff, via CMECF.

                                                  s/*Margaret A. Schutte*
                                                  MARGARET A. SCHUTTE (0078968)
                                                  Assistant United States Attorney